

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL ROMERO,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　　Respondent. | Nos. 15-70643<br>　　　　17-70084<br><br>Agency No. A078-682-508<br><br>MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted October 18, 2018[**]
San Francisco, California

Before: WALLACE and GRABER, Circuit Judges, and LASNIK,[***] District
Judge.

　　Petitioner Miguel Angel Romero is a native and citizen of Mexico who is

subject to a final order of removal. In No. 15-70643, he timely petitions for review

---

　　[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

　　[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying cancellation of removal.  In No. 17-70084, Petitioner timely petitions for review of the BIA's denial of his motion to reopen.

1.  The petition for review in No. 15-70643 is moot because the original felony conviction that underlies the BIA's decision was later designated as a misdemeanor and was set aside.  The BIA recognized as much in its decision in No. 17-70084.  Accordingly, we dismiss the petition in No. 15-70643.  See Foster v. Carson, 347 F.3d 742, 745–46 (9th Cir. 2003) (dismissing the plaintiffs' appeal as moot).

2.  In No. 17-70084, the BIA denied reopening on the ground (among others) that Petitioner failed to establish a reasonable likelihood that he is eligible for cancellation of removal, which he must do to obtain reopening.  Salim v. Lynch, 831 F.3d 1133, 1139–40 (9th Cir. 2016).  We review for abuse of discretion.  Bonilla v. Lynch, 840 F.3d 575, 581 (9th Cir. 2016).  One of the requirements for cancellation of removal is continuous physical presence for at least 10 years immediately preceding the date of the application.  8 U.S.C. § 1229b(b)(1)(A).  Petitioner cannot meet that requirement because he conceded in writing (and other evidence confirms) that he accepted voluntary return to Mexico on two occasions during the 10-year period, which broke his continuous physical

2

presence.  Under the circumstances, the BIA did not abuse its discretion by denying the motion to reopen.

**Petition in No. 15-70643 DISMISSED.  Petition in No. 17-70084 DENIED.**